IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. WILLIAMS III, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:13-cv-01699-RLW |
| v. ) | |
| ) | |
| KATHLEEN SEBELIUS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION AND STAY OF PROCEEDINGS

Plaintiffs Joseph A. Williams III, Joseph A. Williams IV, Mark A. Williams, Electrolock Incorporated, Stone River Management Co., and Dunstone Co. (collectively referred to as "Plaintiffs"), by and through undersigned counsel, hereby submit this unopposed motion for a preliminary injunction based on their claim under the Religious Freedom Restoration Act, 42 U.S.C.§ 2000bb et seq.("RFRA"), and unopposed motion for a stay of all proceedings in this case pending issuance of the mandate in *Gilardi v. U.S. Dep't of Health & Human Servs*., No. 13-5069 (D.C. Cir.).

In *Gilardi*, a motions panel of the D.C. Circuit granted an injunction pending appeal and a majority of the merits panel subsequently determined that plaintiffs were likely to succeed on the merits of their RFRA claim. The merits panel left it to the district court to resolve the remaining three preliminary injunction factors. The mandate in *Gilardi* has not yet issued and plaintiffs in that case have filed a petition for writ of certiorari in the Supreme Court. *Gilardi* involves legal claims similar to those advanced by Plaintiffs in this case against the same federal regulations and the same federal defendants. Consequently, final resolution of *Gilardi* will

invariably affect the legal claims in this case. Moreover, the D.C. Circuit granted the appellants' motion for an injunction pending appeal, thereby granting the precise relief requested here by Plaintiffs. *See Gilardi*, No. 13-5069 (D.C. Cir. Mar. 29, 2013) (order granting motion for an injunction pending appeal).

In this unopposed motion, Plaintiffs request an order enjoining Defendants, until thirty (30) days after the mandate issues from the D.C. Circuit in *Gilardi,* from enforcing against Plaintiffs, their employee health plans, the group health insurance coverage provided in connection with such plans, and/or their insurers the statute and regulations that require Plaintiffs to provide their employees insurance coverage for "[a]ll Food and Drug Administration approved contraceptive methods, sterilization procedures, and patient education and counseling for all women with reproductive capacity," 77 Fed. Reg. 8725 (Feb. 15, 2012), as well as any penalties, fines, assessments, or any other enforcement actions for noncompliance, including those found in 26 U.S.C. §§ 4980D, 4980H, and 29 U.S.C. §§ 1132, 1185d.

Defendants believe that *Gilardi* was wrongly decided. Nevertheless, in light of the motions panel's decision in *Gilardi* granting an injunction pending appeal and the merits panel's decision concluding that plaintiffs in *Gilardi* were likely to succeed on the merits of their RFRA claim, counsel for Defendants has indicated that Defendants do not oppose Plaintiffs' motion for a preliminary injunction on *only* plaintiffs' RFRA claim, to last until 30 days after the mandate issues in *Gilardi*. Although Defendants do not oppose Plaintiffs' motion on RFRA grounds at this time, Defendants do not forfeit any legal rights or claims that they may have at a later date.

Should this Court grant Plaintiffs' Unopposed Motion for a Preliminary Injunction, Plaintiffs further ask this Court to stay all proceedings in this case pending the resolution of the appeal in *Gilardi*. Defendants do not oppose this request.

District courts have broad discretion in deciding whether to issue a stay pending the resolution of proceedings in another case. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also, e.g.*, *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998); *Davis v. Billington*, 775 F. Supp. 2d 23, 29-30 (D.D.C. 2011). Indeed, "[a] trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004); *see also, e.g.*, *IBT/HERE Emp. Representatives' Council v. Gate Gourmet Divs. Ams.*, 403 F. Supp. 2d 289, 292 (D.D.C. 2005) (same); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

It would be highly inefficient to spend the resources and time of the parties and this Court for litigation to proceed in this case while *Gilardi* is being fully resolved. *See Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) ("[T]he district court has broad discretion to decide whether a stay is appropriate to promote economy of time and effort for itself, for counsel, and for litigants."). Nor will there be any prejudice to Plaintiffs if the proceedings are stayed, as they will have the benefit of a preliminary injunction during the pendency of the stay.

Finally, Plaintiffs note that several district courts have stayed proceedings in similar circumstances in litigation challenging the contraceptive coverage regulations. *See, e.g.*, Order,

*Willis Law v. Sebelius*, 1:13-cv-01124-CKK (D.D.C. Aug. 23, 2013); Order, *Bindon v. Sebelius*, No. 13-cv-1207-EGS (D.D.C. Aug. 13, 2013); Order, *Annex Medical, Inc. v. Sebelius*, No. 12-cv-02804-DSD-SER (D. Minn. Jan. 25, 2013), ECF No. 53; Order, *Korte v. Sebelius*, No. 3:12-cv-01072 (S.D. Ill. Dec. 28, 2012), ECF No. 63; Order, *Conestoga Wood Specialties, Corp. v. Sebelius*, No. 5:12-cv-06744 (E.D. Pa. Jan. 16, 2013), ECF No. 55; Order, *Hobby Lobby v. Sebelius*, No. 5:12-cv-01000 (W.D. Okla. Dec. 12, 2012), ECF No. 55.

For these reasons, Plaintiffs ask, and Defendants do not oppose, for this Court to stay all proceedings in this case until 30 days after the mandate issues from the D.C. Circuit in *Gilardi*.

Pursuant to Local Rule 7(m), undersigned counsel consulted with defendants' counsel, who represented that defendants do not oppose the relief requested in this motion. Furthermore because the motion is unopposed, Plaintiffs have not included a memorandum of law. If the Court requires a memorandum of law on these unopposed issues, Plaintiffs will provide one without delay.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask this Court to grant their unopposed motion for a preliminary injunction, enjoining defendants, until 30 days after the mandate issues from the D.C. Circuit in *Gilardi*, from enforcing against Plaintiffs, their employee health plan(s), or their insurer(s) the statute and regulations that require plaintiffs to provide employees insurance coverage for "[a]ll Food and Drug Administration approved contraceptive methods, sterilization procedures, and patient education and counseling for all women with reproductive capacity," 77 Fed. Reg. 8725, as well as any penalties, fines, assessments, or enforcement actions for non-compliance, including those found in 26 U.S.C. §§ 4980D, 4980H, and 29 U.S.C. §§ 1132, 1185d.

Plaintiffs further respectfully ask this Court to stay all proceedings in this case until 30 days after the mandate issues from the D.C. Circuit in *Gilardi*.

Counsel for defendants has indicated to undersigned counsel that defendants do not seek a bond.

WHEREFORE, Plaintiffs respectfully request that the court grant this motion and enter the proposed order.

                                    Respectfully submitted,

                                    THOMAS MORE LAW CENTER
                                     /s/   Erin Elizabeth Mersino
                                    Erin Elizabeth Mersino, Esq.
                                    (D.C. Court Bar No. MI 0060)
                                    24 Frank Lloyd Wright Drive
                                    P.O. Box 393
                                    Ann Arbor, Michigan 48106
                                    Tel (734) 827-2001
                                    Fax (734) 930-7160
                                    emersino@thomasmore.org

                                    *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 15, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I certify that a copy of the foregoing has been served upon counsel for all parties who has not yet entered an appearance electronically: None.

    THOMAS MORE LAW CENTER

    s/ Erin Mersino_____

    Erin Mersino, Esq. (P70886)